786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THE CONCERNED SKILLED TRADES ASSOCIATION, et al.,
Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION, et al., Defendants-Appellees.
 84-3349
 United States Court of Appeals, Sixth Circuit.
 2/10/86
 
 S.D.Ohio
 VACATED AND REMANDED
 
 ORDER
 
 1
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges and CHURCHILL, District Judge*.
 
 
 2
 These Ohio plaintiffs, an association and forty-seven of its members, are appealing from the summary judgment entered against them in their suit for breach of contract and breach of duty of fair representation filed under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. The district court dismissed the suit for having been brought beyond the six month time period contained in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 60(b).
 
 
 3
 Plaintiffs filed their suit on March 11, 1983 within six months after they requested their union by a letter dated November 15, 1982, to refile their grievance, yet more than six months after a date of accrual found by the district court to be the time when the plaintiffs reasonably should have known that their rights had been violated. For the reasons which follow, we vacate the district court's judgment and remand the cause for further consideration in light of this court's decision in the related case of Adkins v. Intern. Union of Elec., Radio & Mach., 769 F.2d 330 (6th Cir. 1985).
 
 
 4
 In the third case discussed in the Adkins opinion, this Court decided to remand the cause for consideration of whether the accrual of the plaintiffs' cause of action had been prevented by their good faith attempt to pursue their intra-union remedies to their claims which were being asserted in a nongrievance context. Adkins v. Intern. Union of Elec., Radio & Mach., supra, 769 F.2d at 336. The Court, thereby, ruled that a good faith pursuit of a nonjudicial remedy to a claim asserted within a nongrievance context will prevent the accrual of the cause of action pending the outcome of the nonjudicial proceedings. Unlike the first two cases discussed in Adkins, the plaintiffs in the third case had sent a letter to the union within six months prior to the filing of their suit requesting the union to file a grievance contesting the violation of their rights under the agreements reached between the same defendants. If the plaintiffs had proceeded in good faith, their suit would be rendered timely.
 
 
 5
 Like the plaintiffs in the third case discussed in Adkins, the instant plaintiffs sent a letter dated November 15, 1982, to their union requesting it to process a grievance contesting the violation of their rights under the same agreements in issue in Adkins, rights which were also allegedly violated in a nongrievance context. Remand is especially appropriate in this case because the district court expressly rejected the argument that accrual could be held in abeyance pending the good faith pursuit of nonjudicial remedies. Upon this premise, the district court then proceeded to find it irrelevant that the plaintiffs may have been misled by the union advising them that their grievances could not be properly processed until after they had all been laid-off. In light of the ruling in Adkins, that accrual may be prevented by a good faith pursuit of nonjudicial remedies, it is clear that the district court's rationale must now yield and be reconsidered because the union's alleged misrepresentations would certainly be material to the analysis of the plaintiffs' good faith pursuit of their remedies.
 
 
 6
 In light of the opinion rendered in Adkins, and because the above analysis controls the disposition of this appeal, we choose not to specifically address the remaining issues raised by the parties in this appeal.
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, vacated and the cause is hereby remanded for further consideration in light of Adkins v. Intern. Union of Elec., Radio & Mach., supra, 769 F.2d at 336. Rule 9(d)(4), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, U.S. District Judge for the Eastern District of Michigan, sitting by designation